In re A MINOR CHILD

High Court of American Samoa
Trial Division

JR No. 71-87

May 11, 1988

Before REES, Chief Justice.

Counsel: For Petitioners, Isalei Iuli

On Request for "Notice of Publication":

This petition for termination of parental rights states that the child was left with the petitioners shortly after birth by the natural mother. It appears from the Child Protective Services report that the natural mother is a Western Samoan who was living temporarily in American Samoa with a sister of one of the petitioners. The natural father is unknown to the Court and apparently also to the petitioners.

Petitioners have mailed a notice of the pendency of these proceedings to the natural mother at an address in Western Samoa. The address consists, as most such addresses do, simply of the name of a village. The notice is in the English language. No response has been received.

125

Petitioners now request an order for service by publication on the natural mother and an unnamed natural father.

The requested order will issue. In order to be genuinely calculated to reach the petitioner the publication should be in an Apia newspaper and in the Samoan language, and a notice in the Samoan language should be mailed to the mother in her village in Western Samoa. See Memorandum of the Justices, 3 A.S.R.2d 33 (1986). In this case, however, petitioners might wish to consider making every effort to contact the natural mother in Western Samoa in order to serve her personally with notice of these proceedings, to make sure she understands what they are about, to solicit her testimony as a witness at the hearing on the petition, and to attempt to ascertain the identity of the natural father. This alternative to service by publication would not only minimize the risk of embarrassment to the natural mother, it would also maximize the chances that the petition for termination of parental rights will eventually be granted.

Except in extraordinary cases the natural parents are essential witnesses at the hearing on the merits of a petition for the termination of parental rights. The Court is extremely reluctant to terminate parental rights without some evidence that the natural parents fully understand what is involved in a legal termination and have voluntarily consented to it. Moreover, in cases involving a request for termination of the rights of an unnamed natural father the Court generally seeks to question the natural mother about his identity and whereabouts. Only in cases where it is genuinely impossible to secure the testimony of one or both natural parents, or where there is some other clear and convincing evidence that the parents genuinely understand and genuinely consent to the termination, should parental rights be terminated without such testimony. In this case the Court does not even have a Child Protective Services report on either natural parent.

Locating natural parents in Western Samoa and bringing them here for the hearing does, of course, impose a financial burden on the petitioners. The serious and permanent consequences of a termination of parental rights makes such a burden, in most cases, an unfortunate necessity.

126

The request for an order permitting service by publication is granted. In case the petitioners prefer to serve notice of these proceedings on one or both respondents personally in Western Samoa, such extraterritorial service is also hereby approved.